**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CESAR VLADIMIR GUZMAN-
QUINTANILLA; et al.,

                  Petitioners,

    v.

MERRICK B. GARLAND, Attorney
General,

                  Respondent.

No.   15-73780

Agency Nos.   A206-773-832
                 A206-773-833

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022[**]

Before:     SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Cesar Vladimir Guzman-Quintanilla and his minor sister, natives and

citizens of El Salvador, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their applications for asylum, withholding of removal, and relief under the

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C.

§ 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye*

*v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for

review.

Substantial evidence supports the agency's determination that petitioners

failed to establish the harm they fear would be on account of a protected ground.

*See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide

*some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*,

622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from

harassment by criminals motivated by theft or random violence by gang members

bears no nexus to a protected ground").

Substantial evidence also supports the agency's denial of CAT relief because

petitioners failed to show it is more likely than not they will be tortured by or with

the consent or acquiescence of the government if returned to El Salvador.  *See*

*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record petitioners' contentions that the BIA

violated their due process rights by using its streamlining procedures or by failing

to explain its reasoning.

---

[1] Petitioners each filed their own applications for relief.

15-73780

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**